**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4914-15T1

SARA BACON,

       Plaintiff-Respondent,

   v.

BOB CIASULLI AUTO GROUP, INC.
d/b/a TOYOTA UNIVERSE,

       Defendant-Appellant.

_____

Argued June 19, 2017 — Decided July 11, 2017

Before Judges Fisher and Fasciale.

On appeal from the Superior Court of New
Jersey, Law Division, Passaic County, Docket
No. L-3403-14.

Resa T. Drasin argued the cause for appellant
(Woehling Law Firm, P.C., attorneys; Ms.
Drasin, of counsel and on the brief).

Sander D. Friedman argued the cause for
respondent (Law Office of Sander D. Friedman,
LLC, attorneys; Mr. Friedman and Wesley Hanna,
on the brief).

PER CURIAM

    In 2008, plaintiff Sara Bacon purchased a new 2008 Toyota

from defendant Bob Ciasulli Auto Group, Inc.; she also separately

purchased an extended warranty, covering the vehicle for seven years or 100,000 miles, whichever came first. A few months later, without communicating with plaintiff, defendant cancelled her extended warranty and made no effort to reimburse plaintiff the $1816 she paid for the warranty.

Plaintiff learned of defendant's cancellation of her extended warranty in 2013, when she took her five-year-old vehicle, which had only been driven 75,940 miles, to another Toyota dealership to ascertain the cause for "a banging noise" when the vehicle was in reverse. This other dealer advised plaintiff the cost of diagnosing the problem and, also, then determined plaintiff's warranty was cancelled in 2008.

After some discussion with defendant to address the warranty cancellation, and facing approximately $6000 in repairs, plaintiff commenced this action in January 2014, seeking relief pursuant to the Consumer Fraud Act, N.J.S.A. 56:8-1 to -20.[1] After the completion of discovery, the parties cross-moved for summary judgment; plaintiff argued the circumstances, which were not in dispute, demonstrated a CFA violation, and defendant argued that

---

[1] In earlier proceedings, defendant unsuccessfully moved to compel arbitration of these disputes. We affirmed because the arbitration clause in question was contained in the contract of sale of the vehicle, not the separate contract by which plaintiff purchased the extended warranty. Bacon v. Bob Ciasulli Auto Grp., Inc., No. A-0789-14 (App. Div. May 7, 2015).

plaintiff failed to mitigate her damages or that she was the cause of the vehicle's problems. By order entered on December 4, 2015, Judge Ernest M. Caposela granted plaintiff's motion and denied defendant's. In granting the former, the judge explained in his written opinion that the CFA was violated because defendant: misrepresented that plaintiff consented to the warranty's cancellation; retained plaintiff's $1816 payment; and left plaintiff uncovered by the extended warranty.

Judge Caposela's decision left undecided questions concerning the quantum of damages. The parties consented to a waiver of a jury trial, and by way of a short bench trial, another judge considered the evidence and awarded compensatory damages to plaintiff in the amount of $6559.17, which was trebled to $19,677.51. The judge also awarded counsel fees in plaintiff's favor in the amount of $79,145.30.

Defendant appeals, arguing:

> I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT AND IN DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.[2]
>
> II. THE TRIAL COURT ERRED IN THE AMOUNT OF DAMAGES AWARDED BECAUSE THE ONLY DAMAGES PROXIMATELY CAUSED BY DEFENDANT'S CONDUCT WAS THE AMOUNT OF THE PURCHASE PRICE OF THE EXTENDED SERVICE CONTRACT.

---

[2] For convenience, we have omitted the subparts to Point I.

A-4914-15T1

> III. THE AMOUNT OF THE ATTORNEYS FEES AND
> COSTS AWARDED WAS EXCESSIVE AND NOT REASONABLE
> AND MUST BE REDUCED.

We reject defendant's Point I and affirm the December 4, 2015 order, which granted in part plaintiff's summary judgment and denied defendant's motion for summary judgment, substantially for the reasons expressed by Judge Caposela in his written opinion.

In its second point, defendant argues that any ascertainable loss was not the cost of the transmission work the vehicle required, which the judge found amounted to $6559.17, but the cost of the warranty, which was $1816. We reject this. Although it is true that, by way of the summary judgment ruling, the court found the CFA violation consisted of defendant's cancellation of the warranty, the appropriate compensation for that violation was not the return of the cost of the warranty but the cost of the repairs that would have been covered had the warranty not been wrongfully cancelled. Consequently, the trial judge properly found that plaintiff should be compensated for the transmission work, and the law requires that that award be trebled, N.J.S.A. 56:8-19.

We cannot reach the merits of defendant's Point III. Following the judge's damages ruling, plaintiff moved for entry of a final judgment, seeking $83,379.25 in fees and costs, also allowable by way of the CFA. Plaintiff's fee request was supported by her attorney's certification, which outlined his experience in the

A-4914-15T1

field, the services rendered, his billing rates, and his particular fee agreement with plaintiff. Defendant vigorously opposed the fee application.

The judge did not entertain oral argument on the motion's return date, nor did he explain his rationale for awarding $75,145.30, except for the following notation written on the bottom of the June 2, 2016 final judgment:

> This court found reasonable attorneys fees to be $69,028.00. This court allowed [a] 10% enhancement as the violation under the CFA was obvious[,] and this court allowed costs of $3214.25.

It is self-evident that these bare conclusions do not comply with the requirements of Rule 1:7-4(a) or the fully-developed jurisprudence applicable to fee requests. See, e.g., Rendine v. Pantzer, 141 N.J. 292 (1995). We vacate the award of fees and costs, and remand for further proceedings and detailed findings of fact.

We find any other arguments that may be discerned from defendant's submissions to be without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

We affirm the December 4, 2015 summary judgment order, and we affirm that part of the June 2, 2016 final judgment that awarded plaintiff $19,677.51. We vacate that part of the June 2, 2016 final judgment that awarded $79,145.30 in counsel fees, and we

remand for findings of fact on the quantum of fees and costs. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION